ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 29 2005

at ___ o'clock and ___ min. ___ M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>QUOC VIET HOANG,<br><br>        Defendant. | CR. NO. 04-00431 HG<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS** |

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS**

    Defendant moves to suppress evidence obtained following a dog sniff search of packages at a Federal Express facility. The following issues are before the Court: Does the removal of a package from a Federal Express facility and detention of the package for three hours while a search warrant is obtained constitute a Fourth Amendment seizure? Does an alert on a package by a trained narcotics detection canine, along with other indications on a package's exterior of the presence of controlled substances, provide reasonable suspicion to detain the package?

    For the reasons set forth below, Defendant's Motion to Suppress is DENIED.

**PROCEDURAL HISTORY**

    On November 9, 2004, Defendant was indicted for knowingly and intentionally attempting to possess with intent to distribute

500 grams or more of a Schedule II controlled substance in violation of 21 U.S.C. § 846.

On November 23, 2004, Defendant filed a motion to suppress.

On December 20, 2004, the Government filed a memorandum in opposition to the motion to suppress.

On January 21, 2005, the motion to suppress came on for hearing. The Court requested supplemental briefing from both parties.

On January 28, 2005, Defendant filed a supplemental memorandum in support of his motion to suppress.

On February 3, 2005, the Government filed a reply memorandum in opposition to Defendant's motion to suppress.

## SUMMARY OF FACTS

Investigator Terry N. Todd of the Orange County California Sheriff's Department is the handler for "Otto." Otto is a Labrador Retriever trained as a narcotics detecting canine. Investigator Todd is assigned to the John Wayne Airport in Orange County as an airport interdiction officer.

On November 02, 2004, Investigator Todd was at the Federal Express World Service Center Office in Garden Grove, CA. Investigator Todd received prior authorization from Federal Express to come onto the Federal Express premises and perform random canine-sniff searches on parcels.

At 9:05 a.m., Investigator Todd was allowed into the "hold

room" of the Federal Express office by a Federal Express employee. The hold room is a room designed for processing Federal Express parcels.

At 9:10 a.m., Investigator Todd allowed Otto to enter the hold room to perform searches on approximately seven parcels. The parcels were located either on the floor, on a chair or on a cart.

The Government's submissions contain a factual inconsistency as to the exact procedures involved in the search. Investigator Todd's affidavit in support of his request for a search warrant states that the search was random and off-lead. The Government's memorandum in opposition to the Motion to Suppress states that Investigator Todd first pulled seven parcels for Otto to examine. At the January 21, 2005 hearing on the Motion to Suppress, the Court asked for supplemental briefing to determine any potential effect the factual distinction would have on the outcome of the Motion.

Investigator Todd allowed Otto to sniff seven packages. Otto started to scratch at one parcel, indicating an alert. Investigator Todd considered Otto's alert as a signal that Otto had detected the odor of a controlled substance emanating from the parcel.

Investigator Todd visually inspected the exterior of the parcel Otto had alerted. He read the sending and receiving

3

mailing addresses. Investigator Todd noted that the parcel did not contain a phone number for either the recipient or the sender of the parcel. Investigator Todd also noticed that the parcel shipping fee was paid in cash, which, in his experience, is a common practice for drug traffickers.

Investigator Todd smelled the package himself and discerned the odor of coffee. Drug traffickers often pack drug shipments with coffee. Coffee is used as a masking agent to thwart narcotic detecting canines.

At approximately 9:15 a.m., Investigator Todd confiscated the package. The entire search in the hold room had taken less than ten minutes. Investigator Todd locked the parcel in his office at John Wayne Airport for safekeeping. The Investigator left the airport and attempted to find the address listed as the sender's address on the package. The address did not exist. In the Investigator's experience, narcotics traffickers often use false or random addresses when sending packages.

Investigator Todd sought and obtained a search warrant to search the package. Investigator Todd's affidavit in support of the search warrant request based the request on Otto's alert to the package, the false return address, the smell of coffee, the lack of telephone numbers for the package's recipient and sender, and the payment of the shipping charges in cash. The search warrant was issued at 11:40 a.m. on November 2, 2004,

4

approximately two and a half hours after Investigator Todd first encountered the package.

Upon execution of the search warrant, 1,934.7 grams of methamphetamine were recovered from the package. Later on the day of November 2, 2004, the parcel and its contents were sent to the Honolulu DEA Airport Task Force for further investigation. The parcel arrived on the next morning, November 3, 2004.

DEA Airport Task Officers obtained a beeper warrant and an anticipatory search warrant from Magistrate Judge Kurren on November 3, 2004. The parcel was repacked with pseudo-methamphetamine and its original contents and delivered to Defendant's address. Defendant accepted delivery by signing for the package on the afternoon of November 3, 2004.

Approximately seven minutes after the package was delivered, the beeper alerted. Agents entered the residence after knocking and announcing their presence. Defendant had unpacked the parcel and hidden the pseudo-methamphetamine. Later that evening, agents obtained a search warrant for the residence. Agents recovered $7,200 in U.S. currency as well as the contents of the subject parcel.

## ANALYSIS

Defendant makes three arguments in his motion to suppress. First, Defendant claims that the Investigator "seized" the package within the Fourth Amendment's definition of seizure and

that the Investigator did not have probable cause for the seizure. Second, Defendant argues that even if probable cause was not necessary, Investigator Todd had no reasonable suspicion to detain the package. Third, Defendant contends that the random, individualized canine-sniff search of the package without individualized suspicion is unconstitutional. Defendant withdrew his third argument attacking the dog sniff following the Supreme Court's decision in <u>Illinois v. Caballes</u>, __ U.S. __, 125 S. Ct. 834 (2005). Defendant argues that an evidentiary hearing is needed to clarify the facts surrounding the dog sniff and the detention of the package. Defendant contends that the undiscovered facts could establish that a seizure occurred.

The Motion to Suppress is DENIED. No evidentiary hearing is necessary.

### 1.  "Seizure" of the Package

Defendant argues that when Investigator Todd took the package from the Federal Express facility and locked it in his office, he was no longer "detaining" the package. Defendant claims Todd's removal of the package from the Federal Express facility amounts to a seizure pursuant to the Fourth Amendment and that the probable cause standard should apply.

Defendant's argument for the probable cause standard is novel and unsupported by any case law. Authorities may detain a package to conduct an investigation "if they have a reasonable

6

and articulable suspicion that it contains contraband or evidence of illegal activity." United States v. Hernandez, 313 F.3d 1206, 1210 (9th Cir. 2002)(internal quotation marks and citation omitted). A detention of a package is not a seizure requiring probable cause where the package is shipped to a different location for inspection. In United States v. England, 971 F.2d 419, 420 (9th Cir. 1992), the court considered a package that had been set aside for inspection in California, then shipped to Alabama where it was set aside for further inspection. The package was opened in Alabama pursuant to a search warrant and it was found to contain evidence. Id. See also United States v. Aldaz, 921 F.2d 227, 228 (9th Cir. 1990) (packages set aside in small Alaska community and sent 700 miles to Anchorage for inspection). Defendant's argument that Investigator Todd's act of moving the package at issue from one area of the John Wayne Airport to another amounted to a seizure of the package rather than just a detention has no support in the case law.

The detention of a package, sent through a common carrier, may violate the Fourth Amendment if held for an unreasonable amount of time, even if a reasonable suspicion exists for the detention. Hernandez, 313 F.3d at 1212 (citing United States v. Van Leeuwen, 397 U.S. 249, 252 (1970)); Aldaz, 921 F.2d at 229. The recipient's possessory interest in a mailed item is an expectation that the item will not be detained beyond the normal

delivery date and time. <u>Hernandez</u>, 313 F.3d at 1210. In <u>Van Leeuwen</u>, a twenty-nine hour delay was reasonable. In <u>Hernandez</u>, a seven hour delay beyond the normal delivery time was reasonable. In <u>England</u>, the court held that where the detention of packages would have caused no delay in their delivery, the authorities did not need a reasonable suspicion to detain the packages. 971 F.2d at 421.

Investigator Todd detained the package in California at 9:15 a.m. on November 2, 2004. The search warrant was obtained two and a half hours later. The package was delivered to Defendant in Honolulu on the afternoon of the following day. The package at issue was not detained unreasonably beyond its normal delivery time.

Defendant's argument that the removal of the package from the normal stream of processing at the Federal Express facility constitutes a seizure is also unsupported in the law. In <u>England</u>, one package at issue was taken from its stream of processing in the United States Postal Service to a police station for the initial dog sniff. The Court held that the temporary diversion was permissible as "had the sniff test been negative, the package could easily have been returned to the postal station and put on its regularly scheduled flight[.]" <u>Id</u>. at 420. In the present case, the package was not diverted from the stream of processing at the time of the dog sniff, and was

8

diverted for under three hours before the search warrant issued.

No evidentiary hearing is necessary to determine whether the package was ever returned to the Federal Express stream of processing. In England, once the package at issue was determined to contain illegal substances, it was never returned to the U.S. Postal Service's stream of processing.

2. **Reasonable Suspicion**

If reasonable suspicion to detain the package was required, the standard is clearly met here. Investigator Todd's initial detention of the parcel was premised on four factors:

1. Otto's alert as to the existence of drugs,
2. the package's smell of coffee,
3. lack of phone numbers for recipient and sender on the airbill,
4. payment for shipping in cash.

Investigator Todd's affidavit in support of his search warrant request details Otto's training and exceptional ability to accurately detect packages containing controlled substances. Otto's alert, coupled with the other factors, establishes that reasonable suspicion existed for the temporary detention of the parcel. See United States v. Sokolow, 490 U.S. 1, 5 (1989) (canine sniff provided probable cause to obtain warrant for search of luggage); United States v. Maldonado-Espinosa, 968 F.2d 101, 103 (1st Cir. 1992) (same); Hernandez, 313 F.3d at 1208

(listing factors other than a canine sniff that established reasonable suspicion to detain package).

The only Ninth Circuit Court of Appeals case Defendant cites for the proposition that a canine sniff "alert" is not enough to meet the reasonable suspicion requirement is <u>United States v. Fernandez</u>, 772 F.2d 495, 497 n.2 (9th Cir. 1985). The case is inapposite. In <u>Fernandez</u>, the Court held that a warrantless search of a suitcase initially suspected through a canine-sniff of containing controlled substances violated the Fourth Amendment. <u>Id</u>. at 499. The violation was premised, however, not on the accuracy of a canine-sniff, but on the coerced consent of the defendant to search the suitcase. <u>Id</u>. at 497.

The factual inconsistency in the Government's submissions need not be resolved. The unresolved factual issue is whether Investigator Todd pulled out suspicious packages first, or started by performing a random dog sniff on all the packages in the room. The search is constitutional under either set of facts. The search is proper if Investigator Todd started with the dog sniff without selecting packages first. The Supreme Court has consistently held that random dog sniffs are not "searches" pursuant to the Fourth Amendment. <u>United States v. Place</u>, 462 U.S. 696, 707 (1983); <u>City of Indianapolis v. Edmond</u>, 531 U.S. 32, 52-53 (2000); <u>Caballes</u>, __ U.S. at __, 125 S. Ct. at 837-38. The search is also constitutional if Investigator Todd

pulled out suspicious packages before allowing Otto to sniff them. When a package is deposited in the mail, there is no reasonable expectation that the package will not be handled or that its exterior will not be viewed. Hernandez, 313 F.3d at 1209-10.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY ORDERS THAT Defendant's Motion to Suppress is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 29, 2005.

Helen Gillmor
United States District Judge

United States of America v. Hoang, Criminal No. 04-00431 HG;
**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS**

F I L E   C O P Y

* * LABEL LIST * *

Case Number:1:04-cr-00431

Beverly W. Sameshima, Esq.
Office of the United States Attorney
Prince Kuhio Federal Building
300 Ala Moana Blvd Ste 6100
Honolulu, HI  96850

Donna Gray, Esq.
Office of the Federal Public Defenders
PJKK Federal Building
300 Ala Moana Blvd Rm 7-104
Honolulu, HI  96813

Michael A. Weight, Esq.
Office of the Federal Public Defenders
PJKK Federal Building
300 Ala Moana Blvd Rm 7-104
Honolulu, HI  96813



CC: ~~USA~~
    USM
    PTS
    USPO