

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff - Appellee,<br>v.<br>QUOC VIET HOANG,<br>Defendant - Appellant. | No. 05-10669<br>D.C. No. CR-04-00431-JMS<br><br>**JUDGMENT** |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUL 02 2007
at 2 o'clock and 6 min. P M
SUE BEITIA, CLERK

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 05/14/07

A TRUE COPY
CATHY A. CATTERSON
CLERK OF COURT
ATTEST
JUN 28 2007
by: [signature]
Deputy Clerk

FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*
v.
QUOC VIET HOANG,
*Defendant-Appellant.*

No. 05-10669
D.C. No. CR-04-00431-JMS
OPINION

Appeal from the United States District Court for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted
November 16, 2006—Honolulu, Hawaii

Filed May 14, 2007

Before: Stephen S. Trott, Kim McLane Wardlaw, and William A. Fletcher, Circuit Judges.

Opinion by Judge Wardlaw

## SUMMARY

**Criminal Law and Procedure/Search and Seizure**

The court of appeals affirmed a judgment of the district court. The court held that, for the purposes of the Fourth Amendment, no seizure occurs if a package is detained in a manner that does not significantly interfere with its timely delivery in the normal course of business; a 10-minute detention of a package in a FedEx hold room without reasonable

suspicion did not implicate an addressee's Fourth Amendment rights.

Appellant Quoc Hoang was charged in district court in Hawaii with narcotics violations after methamphetamine was found in a package sent to him via FedEx. The package had been in a FedEx hold room with other packages for about 10 minutes when a narcotics detection dog randomly sniffing packages in the room alerted to Hoang's package; it was then diverted while a search warrant was obtained. The search revealed the presence of drugs, and a controlled delivery to Hoang resulted in his arrest. Hoang moved to suppress evidence of the drugs, asserting that the detention and search of the package violated the Fourth Amendment. Hoang claimed that there was no reasonable suspicion to support detaining the package initially; the inspector's confiscation was a seizure unsupported by probable cause; and the initial random search lacked individualized suspicion. He also claimed that the dog sniff was an illegal search. The government conceded that the selection of which packages to subject to a dog sniff was not supported by any reasonable, articulable suspicion. The district court denied Hoang's motion to suppress and he entered a conditional guilty plea.

Hoang appealed, contending that the district court erred by refusing to conduct an evidentiary hearing and by denying the motion to suppress.

**[1]** Letters and other sealed packages are in the general class of effects in which the public at large has a legitimate expectation of privacy; warrantless searches of such effects are presumptively unreasonable. However, what a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. Thus, the Fourth Amendment is not implicated when only the external features of a package, like the address label are examined; there is no reasonable expectation that the outside of a package given to a mail-carrier will be kept private. Simi-

larly, the Fourth Amendment is not implicated by the use of a dog sniff by a trained dog to detect contraband in a package. Thus, neither the sniff by the dog nor the agent's visual inspection were searches within the meaning of the Fourth Amendment. Because there was no search, the only constitutional interest potentially implicated was Hoang's possessory interest in the package.

**[2]** The Ninth Circuit has characterized the possessory interest in a mailed package as being solely in the package's timely delivery. **[3]** At least two other circuit courts have similarly interpreted the limits of the Fourth Amendment possessory interest. **[4]** It had to be held that, for the purposes of the Fourth Amendment, no seizure occurs if a package is detained in a manner that does not significantly interfere with its timely delivery in the normal course of business. Therefore, the 10-minute detention of Hoang's package in the FedEx hold room without reasonable suspicion did not implicate his Fourth Amendment rights. Hoang's Fourth Amendment rights were not implicated by the brief pre-sniff detention, and thus could not be violated. Once the dog alerted, probable cause supported the further diversion of the package, and the search was properly conducted pursuant to a warrant. Accordingly, the district court properly denied the motion to suppress evidence derived from the search of the package.

**[5]** An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist. The government's concession that it lacked reasonable suspicion rendered the hearing immaterial. The district court did not abuse its discretion in refusing to hold an evidentiary hearing. The judgment of the district court had to be affirmed.

---

## COUNSEL

Peter C. Wolff, Jr., Federal Public Defender, Honolulu, Hawaii, for the defendant-appellant.

Edward H. Kubo, Jr., United States Attorney, Beverly Wee Sameshima, Assistant United States Attorney, Honolulu, Hawaii, for the plaintiff-appellee.

---

## OPINION

WARDLAW, Circuit Judge:

Quoc Viet Hoang entered a conditional guilty plea to federal narcotics charges after methamphetamine was found in a package sent to him via FedEx. A narcotics detection dog alerted to the package while it was in transit, and it was then diverted while a search warrant was obtained. The search revealed the presence of drugs, and a controlled delivery to Hoang resulted in his arrest. Before entering his plea, Hoang moved to suppress evidence of the methamphetamine, asserting that the detention and search of the package violated the Fourth Amendment. He contends that the district court erred by refusing to conduct an evidentiary hearing and by denying the motion to suppress. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because under *United States v. England*, 971 F.2d 419 (9th Cir. 1992), a temporary diversion of a package that does not affect its regularly scheduled delivery does not violate the Fourth Amendment, we affirm the district court.

## I. BACKGROUND

On November 2, 2004, an Orange County Sheriff's Department investigator, Officer Todd, was inspecting packages at the FedEx World Service Center Office at John Wayne Airport in Orange County, California. FedEx Corporate Security authorized Officer Todd, accompanied by his narcotics detection canine, Otto, to be on its premises. At approximately 9:05 a.m., a FedEx employee allowed the investigator into the facility's hold room. The hold room is used for the processing of parcels as they enter the facility or are sent out for delivery.

At 9:10 a.m., Otto was let into the hold room off-lead, where he randomly sniffed approximately seven packages located in various parts of the room. Otto alerted to one of the packages, indicating that he had detected the odor of a controlled substance. Officer Todd examined the package, which was addressed to Hoang at an address in Hawaii, and noticed several features that, based on his experience, suggested that the package contained narcotics. First, it was scheduled for priority overnight delivery, and the delivery fee had been paid in cash. Second, there were no telephone numbers for the sender or recipient listed on the package. Third, the parcel emanated an odor of coffee, a common masking agent. At 9:15 a.m., Officer Todd confiscated the suspicious package and left his business card with the FedEx employee who had provided access to the hold room. He then locked the package in his John Wayne Airport office and attempted to locate the sender's address. He determined that the sender's address on the package was fictitious. Based on an affidavit containing these facts, an Orange County Magistrate Judge issued a search warrant for the package that same day at 11:40 a.m. Nothing in the record suggests that the package was ever returned to FedEx in Orange County.

The package did indeed contain narcotics. The Orange County Sheriff's Department sent the package to drug enforcement authorities in Hawaii. They obtained anticipatory search warrants. An undercover officer in the guise of a FedEx driver made a controlled delivery of the package to Hoang. Hoang accepted and opened the package. He then unpacked the pseudo-drugs that had been substituted for the methamphetamine. He was subsequently arrested and was indicted on November 9, 2004.

Hoang moved to suppress the evidence obtained or derived from the seizure and search of the package as having been obtained in violation of the Fourth Amendment. He made claims relating to both search and seizure. He asserted that there was no reasonable suspicion to support detaining the

package initially; the inspector's confiscation was a seizure unsupported by probable cause; and the initial random search lacked individualized suspicion. He also claimed that the dog sniff was an illegal search. The government conceded that the selection of *which* packages to subject to a dog sniff was not supported by any reasonable, articulable suspicion. The district court denied the motion to suppress and Hoang pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, subject to the outcome of this appeal.

## II. DISCUSSION

"We review de novo the denial of a motion to suppress. Whether the exclusionary rule applies to a given case is reviewed de novo, while the underlying factual findings are reviewed for clear error." *United States v. Crawford*, 372 F.3d 1048, 1053 (9th Cir. 2004) (en banc) (citations omitted).

The exclusionary rule may be invoked only if there was a violation of Hoang's Fourth Amendment interests. *See Mapp v. Ohio*, 367 U.S. 643, 656 (1961). "It has long been established that an addressee has both a possessory and a privacy interest in a mailed package." *United States v. Hernandez*, 313 F.3d 1206, 1209 (9th Cir. 2002) (collecting cases). Once a search or seizure that implicates the Fourth Amendment has occurred, the reasonableness of that act must be determined by weighing the public interest against the protected private interest. *See Terry v. Ohio*, 392 U.S. 1, 20-21 (1968). Thus, before addressing the reasonableness of Agent Todd's actions, we must ascertain the extent of Hoang's Fourth Amendment possessory and privacy interests, and second, determine if those interests were meaningfully implicated in the detention and search of the package. *See England*, 971 F.2d at 420. If there was no meaningful interference with Hoang's Fourth Amendment interests, then we need not consider whether Officer Todd's actions were reasonable. *Id.* at 421.

### 1. Hoang's Fourth Amendment Interests

**[1]** "Letters and other sealed packages are in the general class of effects in which the public at large has a legitimate expectation of privacy; warrantless searches of such effects are presumptively unreasonable." *United States v. Jacobsen*, 466 U.S. 109, 114 (1984). However, "[w]hat a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz v. United States*, 389 U.S. 347, 351 (1967). Thus, the Fourth Amendment is not implicated when only the external features of a package, like the address label are examined; there is no reasonable expectation that the outside of a package given to a mail-carrier will be kept private. *See, e.g., United States v. Choate*, 576 F.2d 165, 174 (9th Cir. 1978) (discussing collection of information from the exterior of mail). Similarly, the Fourth Amendment is not implicated by the use of a dog sniff by a trained dog to detect contraband in a package. *See Illinois v. Caballes*, 543 U.S. 405, 408-10 (2005); *United States v. Place*, 462 U.S. 696, 707 (1983). Thus, neither the sniff by Otto nor Agent Todd's visual inspection were searches within the meaning of the Fourth Amendment.[1] Because there was no search, the only constitutional interest potentially implicated is Hoang's possessory interest in the package.

### 2. Hoang's Possessory Interest

**[2]** We have characterized the possessory interest in a mailed package as being solely in the package's timely delivery. *England*, 971 F.2d at 420-21. "In other words, an addressee's possessory interest is in the timely delivery of a package, not in 'having his package routed on a particular

---

[1]We note that Otto's alert to the package created probable cause to believe that the package contained illicit drugs. *United States v. Hillison*, 733 F.2d 692, 696 (9th Cir. 1984). Probable cause is sufficient to support the subsequent detention of the package. *See, e.g., Hernandez*, 313 F.3d at 1213.

conveyor belt, sorted in a particular area, or stored in any particular sorting bin for a particular amount of time.' " *Hernandez*, 313 F.3d at 1210 (quoting *United States v. Demoss*, 279 F.3d 632, 639 (8th Cir. 2002) (Hansen J., concurring)). In *Hernandez*, the package was delayed past its normal delivery time, but we found that the delay was supported by " 'a reasonable and articulable suspicion' that it contain[ed] contraband or evidence of illegal activity." *Id.* at 1210 (quoting *United States v. Aldaz*, 921 F.2d 227, 229 (9th Cir. 1990)). *See also United States v. Gill*, 280 F.3d 923, 932-33 (9th Cir. 2002) (Gould, J., concurring) ("Investigators may inspect mail as they wish without any Fourth Amendment curtailment, so long as the inspection does not amount to a 'search,' and so long as it is conducted quickly enough so that it does not become a seizure by significantly delaying the date of delivery.").

Notwithstanding the clear language in *England* and *Hernandez*, Hoang argues that the momentary diversion of the package without reasonable suspicion violated his Fourth Amendment rights, relying upon some of our earlier cases suggesting that *any* detention of mail may require a showing of reasonable suspicion or probable cause. *See Aldaz*, 921 F.2d at 229-30 (9th Cir. 1990); *United States v. Dass*, 849 F.2d 414 (9th Cir. 1988). Neither the *Aldaz* nor the *Dass* panel discussed which, if any, Fourth Amendment interest was implicated by the detention of Aldaz's express delivery package or the seizure of Dass's suspicious packages. Both cases, however, went on to examine the reasonableness of the detention under the Fourth Amendment. *Aldaz*, 921 F.3d at 231 ("Under the facts before us, the detention and delay of Aldaz's packages were not unreasonable."); *Dass*, 849 F.2d at 415 (holding detentions ranging between seven days and three weeks were unreasonable). In *England*, we distinguished *Aldaz* because it never squarely addressed the seizure issue in isolation, instead finding no Fourth Amendment violation because reasonable suspicion supported the detention of the package. 971 F.2d at 421. Other circuits have hinted at a rea-

sonable suspicion requirement for the detention of mail. *See, e.g.*, *United States v. Robinson*, 390 F.3d 853, 869-70 (6th Cir. 2004) ("More specifically, this and many other courts have found that only reasonable suspicion, and not probable cause, is necessary in order to briefly detain a package for further investigation, such as examination by a drug-sniffing dog."); *United States v. Ramirez*, 342 F.3d 1210, 1212 (10th Cir. 2003) ("However, certain packages may be detained for investigative purposes when the authorities have reasonable suspicion of criminal activity.") (citing *United States v. Lux*, 905 F.2d 1379, 1382 (10th Cir. 1990)).

The leading Supreme Court case addressing the possessory interest potentially implicated by detention of mail, *United States v. Van Leeuwen*, 397 U.S. 249 (1970), is equivocal. In *Van Leeuwen*, two packages were mailed from Washington under suspicious circumstances and were diverted by customs officials from the stream of the mail. *Id.* at 249-50. Customs officials discovered that each of the addressees was under investigation for dealing in illicit gold coins. *Id.* at 250. At that point, probable cause was established, a warrant issued and the packages were opened by authorities. *Id.* Probable cause was established after less than two hours for the first package, and after slightly more than twenty-six hours for the second package. *Id.* at 252-53. The Court held that "[n]o interest protected by the Fourth Amendment was invaded by forwarding the packages the following day rather than the day when they were deposited." *Id.* at 253. It also explained that "[t]heoretically—and it is theory only that respondent has on his side—detention of mail could at some point become an unreasonable seizure . . . within the meaning of the Fourth Amendment." *Id.* at 252. In a retreat from this strong rhetoric, however, the closing paragraph in *Van Leeuwen* purports to limit its holding to the facts of the case:

> We only hold that on the facts of this case—the nature of the mailings, their suspicious character, the fact that there were two packages going to separate

> destinations, the unavoidable delay in contacting the more distant of the two destinations, the distance between Mt. Vernon and Seattle—a 29-hour delay between the mailings and the service of the warrant cannot be said to be 'unreasonable' within the meaning of the Fourth Amendment.

*Id.* at 253.

In *England*, two packages of cocaine were sent by the defendant from California to Alabama. 971 F.2d at 420. The first package aroused the suspicions of a postal clerk and was subjected to a dog sniff at the post office. The dog alerted, but the package was placed on the regularly scheduled flight to Alabama, "the same flight it would have been on had no detention occurred." *Id.* A warrant was obtained and the package was opened on its arrival in Alabama. The second package was mailed ten months later, and from a different post office. It was transported to a local police station, subjected to a sniff test and subsequently opened pursuant to a warrant. "It [was] not disputed that had the sniff test been negative, the package could easily have been returned to the postal station and put on its regularly scheduled flight to Birmingham." *Id.* We held that there had been no seizure of England's packages because it was undisputed that the packages were not delayed by their detention.

**[3]** We distinguished *Van Leeuwen* because,

> [u]nlike the present case, the delivery of Van Leeuwen's packages was substantially delayed by their detention. As a result, the primary issue before the Court was not whether the detention of Van Leeuwen's packages interfered with his interest in them, but whether this interference was justified despite the lack of probable cause.

*Id.* at 421. Nevertheless, *Van Leeuwen* supports our conclusion in *England* that any possessory interest in packages placed in the United States mail is attenuated. At least two other circuit courts have similarly interpreted the limits of the Fourth Amendment possessory interest. *See United States v. Zacher*, 465 F.3d 336, 338-39 (8th Cir. 2006) (holding that police taking a package and placing it on the floor of a FedEx facility for a dog sniff was not a seizure) (citing *United States v. Va Lerie*, 424 F.3d 694 (8th Cir. 2005) (en banc)); *United States v. LaFrance*, 879 F.2d 1, 7 (1st Cir. 1989) ("On this record, the only possessory interest at stake before Thursday noon was the contract-based expectancy that the package would be delivered [on time]. . . . Thus, detention of the parcel did not, indeed could not on these facts, intrude on appellees' possessory interest until the appointed hour, noon, had come and gone.") (citation omitted). *But see Robinson*, 390 F.3d at 869-70; *Ramirez*, 342 F.3d at 1212; *United States v. Banks*, 3 F.3d 399, 401 (11th Cir. 1993) ("The Supreme Court has held that no Fourth Amendment privacy interest in first-class mail is invaded by detaining such mail based on facts that create reasonable suspicion until a search warrant can be obtained."); *United States v. Mayomi*, 873 F.2d 1049, 1053-54 (7th Cir. 1989) (holding that two day detention of two letters was acceptable because it was supported by probable cause).[2]

**[4]** Under *England*, as subsequently interpreted in *Hernandez* and Judge Gould's well-reasoned concurrence in *Gill*, for the purposes of the Fourth Amendment, no seizure occurs if a package is detained in a manner that does not significantly interfere with its timely delivery in the normal course of business.[3] Therefore, the ten minute detention of Hoang's package

[2]In *England*, *Van Leeuwen*, and *Zacher*, the defendant was the sender of the diverted package, while in *Hernandez*, *LaFrance*, and *Banks*, the defendant was the recipient of the package. Here, Hoang was the recipient, and thus we are guided by the *Hernandez* court's application of the *England* holding to recipients.

[3]Thus, law enforcement interactions with packages that cause a de minimis interference with the flow of delivery do not implicate the Fourth Amendment. We need not and do not hold that if delivery could hypothetically or by some extraordinary measure be made on time, there is no seizure.

in the FedEx hold room without reasonable suspicion does not implicate his Fourth Amendment rights.[4] Hoang cannot credibly argue that a ten minute delay on that morning interfered with FedEx's ability to deliver his package on time the next day. Hoang's Fourth Amendment rights were not implicated by the brief pre-sniff detention, and thus could not be violated. Once Otto alerted, probable cause supported the further diversion of the package, and the search was properly conducted pursuant to a warrant. Accordingly, the district court properly denied the motion to suppress evidence derived from the search of the package.[5]

### 3. Evidentiary Hearing

**[5]** We reject Hoang's argument that the district court should have held an evidentiary hearing. "We review for an abuse of discretion a court's decision whether to conduct an evidentiary hearing on a motion to suppress. An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) (citations omitted). Although the parties disputed how and whether Officer Todd selected the package for inspection, the government's concession that it lacked reasonable suspicion rendered the dispute immaterial. Nor would resolution of that dispute alter the outcome of our Fourth Amendment analysis. Therefore, the district court did not abuse its discretion in refusing to hold an evidentiary hearing.

---

[4]Officer Todd entered the hold room at 9:05 and seized the package at 9:15, after Otto alerted. Thus, the period of detention before probable cause arose was at most ten minutes.

[5]We observe that the terms of service in the contract between the sender and FedEx may also alter the expectations of the sender or the recipient and may very well affect a subsequent court's analysis of the propriety of any FedEx-approved inspection and diversion of packages. Because that issue was not raised by the parties, we do not address it here.

## III. CONCLUSION

For the foregoing reasons, Hoang's conviction and sentence are **AFFIRMED.**

INTERNAL USE ONLY: Proceedings include all events.
05-10669 USA v. Hoang

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff - Appellee | Beverly Wee Sameshima, AUSA<br>FAX 808/541-2958<br>808/541-2850<br>Suite 6-100<br>[COR LD NTC aus]<br>USH - OFFICE OF THE U.S. ATTORNEY<br>PJKK Federal Building<br>300 Ala Moana Blvd.<br>P.O. Box 50183<br>Honolulu, HI 96850 |
| v. | |
| QUOC VIET HOANG<br>Defendant - Appellant | Peter C. Wolff, Jr., Esq.<br>FAX 808/541-3545<br>808/541-2521<br>Ste. 7104<br>[COR LD NTC afp]<br>Michael A. Weight, Esq.<br>FAX 541-3545 808<br>808/541-2521<br>Suite 7104<br>[COR LD NTC afp]<br>FPDHI - FEDERAL PUBLIC DEFENDER'S OFFICE (HONOLULU)<br>PJKK Federal Bldg.<br>300 Ala Moana Blvd.<br>Honolulu, HI 96850-5269 |